**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1437**

———————

GINA CROCENZI MASTERSON,

        Plaintiff - Appellant,

    and

JOHN HILLIARD MASTERSON,

        Plaintiff,

    v.

BUTLER L. GRANT,

        Defendant - Appellee,

    and

CHARLIE RAY FOX, JR., Fauquier County Sheriff; CHRISTOPHER
IHARA, Virginia State Police; CHRISTOPHER BURKES, Virginia
State Police,

        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:10-cv-00445-LMB-JFA)

———————

Submitted: January 31, 2012      Decided: February 23, 2012

———————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Alexander Francuzenko, Lee B. Warren, COOK, KITTS & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gina Crocenzi Masterson filed suit against Fauquier County Deputy Sheriff Butler L. Grant, alleging that Grant used unreasonable force when he arrested her. The district court granted summary judgment in favor of Grant after concluding that he was entitled to qualified immunity. In this appeal, Masterson contends that the district court's conclusion rests on an impermissible credibility determination. We affirm.

We review a district court's grant of summary judgment de novo.[*] Brandt v. Gooding, 636 F.3d 124, 132 (4th Cir. 2011). Facts must be viewed in the light most favorable to the non-moving party when there is a genuine dispute as to those facts. Witt v. W. Va. State Police, 633 F.3d 272, 277 (4th Cir. 2011). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

_____

[*] Grant argues that our review should be limited to an abuse-of-discretion standard because the jurisdictional statement of Masterson's brief indicates she is appealing only the district court's denial of her Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. However, Masterson's notice of appeal indicated she was appealing both the underlying order and the court's denial of her Rule 59(e) motion. See Fed. R. App. P. 3(c)(1)(B). Moreover, her brief addresses the underlying order. Accordingly, we are not limited to reviewing only the denial of the Rule 59(e) motion. See Lolavar v. De Santibanes, 430 F.3d 221, 224 (4th Cir. 2005).

3

Masterson argues that, assuming the truth of the evidence she advances, Grant was not entitled to qualified immunity because "a reasonable officer would not have even attempted to use physical force to detain her because she had complied with [Grant's] order by going back to the passenger side door" of her vehicle, as Grant had instructed her to do.

"Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 306 (4th Cir. 2006) (internal quotation marks omitted). "A claim that a police officer used . . . excessive force during an arrest is analyzed under an 'objective reasonableness' standard." Carr v. Deeds, 453 F.3d 593, 600 (4th Cir. 2006). For the purposes of an excessive force claim, the nature of the intrusion is measured by the amount of force employed and, accordingly, "[t]he extent of the plaintiff's injuries is also a relevant consideration." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) (internal quotation marks omitted). "Several factors are considered in assessing the governmental interests at stake, including the severity of the crime at issue, whether the suspect posed an immediate threat to the

4

safety of the officer[] or others, and whether he . . . actively resisted arrest or . . . attempted to evade arrest by flight." Turmon v. Jordan, 405 F.3d 202, 207 (4th Cir. 2005) (internal quotation marks omitted).

Viewing the facts in the light most favorable to Masterson, she exited her vehicle to determine why Grant had stopped the vehicle, which was being driven by her husband. Masterson stated her husband did not "habitually break the law," and she wanted to do know what he had done wrong. Responding to Grant, she stated that she did not want to be arrested, and she began to return to the vehicle after Grant instructed her to do so. At this point, Grant initiated an arrest. Masterson contends she did not know Grant was a law enforcement officer and did not know she was being arrested, but concedes she offered resistance. After a few seconds, the scuffle concluded with Masterson sustaining minor bruises and scratches and driving away in her SUV while Grant was left lying on the ground.

The district court's grant of summary judgment was appropriate. Considering together, as we must, Masterson's minor injuries, the short duration of the scuffle, and Masterson's ultimate escape, it is clear that the force Grant employed in attempting to arrest Masterson was reasonable.

Masterson points to comments the district court made during the hearing in which it denied her motion to reconsider, and she argues these statements demonstrate that the district court's ruling rested on an impermissible credibility determination. Even if we were to agree, we may affirm "on any grounds apparent from the record." United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005). As discussed above, even when the facts are viewed in a light most favorable to Masterson, Grant is entitled to qualified immunity.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED